UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAY 06 2024

RECEIVED

United States Court of Appeals
for the District of Columbia Circuit

Court of Appeals Docket #: 23-5091

---

Abram J. Harris,

Plaintiff - Appellant

v.

U.S. Department of Transportation FMCSA; United States of America,

Defendants - Appellees

---

Jeffrey Steven Beelaert,

Amicus Curiae

---

## PLAINTIFF-APPELLANT'S REPLY BRIEF ON APPEAL

---

Appeal from the
United States District Court
for the District of Columbia
Hon. Trevor N. McFadden

---

Abram J. Harris
Appellant Pro Se
1152 White Sands Drive
Lusby, MD 20657
(240) 750-7636
transportationbull@gmail.com

- **Table of Contents**

| | |
|---|---|
| TABLE OF AUTHORITIES | ii |
| Preliminary Statement | 1 |
| Reply | 1 |
| Conclusion | 5 |
| CERTIFICATE OF COMPLIANCE | 6 |
| CERTIFICATE OF SERVICE | 7 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

| | |
|---|---|
| Armour & Co. v. Wantock, 323 U.S. 126 (1944) | 4 |
| Cohens v. Virginia, 19 U.S. 264 (1821) | 5 |
| FDIC v. Keating, 12 F.3d 314 (1st Cir. 1993) | 3 |
| Freeman v Hewit, 329 U.S. 249 (1944) | 4 |
| Gillette v. Warden Golden Grove Adult Corr. Fac, 75 F.4th 191 (3d Cir. 2023) | 2 |
| Hadley Mem. Hosp. v. Kynard, 981 F. Supp. 690 (D.D.C. 1997) | 1 |
| Holmes v. AC&S, Inc., 388 F. Supp. 2d 663 (E.D. Va. 2004) | 1 |
| In re Savers Fed. Sav. & Loan Ass'n, 872 F.2d 963 (11th Cir. 1989) | 3 |
| Matter of Meyerland Co v. FDIC, 960 F.2d 512 (5th Cir. 1992) | 3 |
| Res. Tr. Corp. v. BVS Dev., Inc., 42 F.3d 1206 (9th Cir. 1994) | 3 |
| Ricci v. Salzman, 976 F.3d 768 (7th Cir. 2020) | 3 |
| Rodas v. Seidlin, 656 F.3d 610 (7th Cir. 2011) | 2 |

## FEDERAL STATUTES

| | |
|---|---|
| 12 U.S.C. § 1441 | 1 |
| 12 U.S.C. § 1730(k)(1) | 3 |
| 28 U.S.C. § 1446(b) | 3 |
| 28 U.S.C. § 1442(a)(1) | 2 |

Fed. R. Civ. P. 60(a) ........................................................................................... 2

**STATE STATUTES**

Va. Code Ann. § 8.01-428(B) .......................................................................... 2

**MISCELLANEOUS**

16 Moore's Federal Practice - Civil § 107.25 (2023) ........................................ 1

**Preliminary Statement**

Appellee's answer brief is "full of sound and fury, Signifying nothing." Macbeth, Act 5, Scene 5, line 27-28. It ignores the authorities cited and discussed in Appellant's initial brief, cites two inapposite district court cases, and begs the question by telling this Court that the Court of Appeals for the District of Columbia. A short reply is in order.

**Reply**

As discussed in the opening brief, the various cases on point are discussed in 16 Moore's Federal Practice - Civil § 107.25 (2023), which concludes that, absent a specific removal statute, such as one governing the FDIC, "The better rule is that removal to an appellate court is improper unless the removal statute otherwise provides. This approach comports with the general rule that the removal statutes be strictly construed." Appellee does not discuss Moore's analysis or the cases cited therein.

*Hadley Mem. Hosp. v. Kynard*, 981 F. Supp. 690, 692 (D.D.C. 1997) concerned "the special removal power granted to the RTC and FDIC by 12 U.S.C. §§ 1441 & 1819(b)(2)." The case is thus inapposite.

In *Holmes v. AC&S, Inc.*, 388 F. Supp. 2d 663, 664 (E.D. Va. 2004), Plaintiff former employee filed an action against defendant former employer based

on an asbestos injury. After the case was removed to federal court, the employer filed a motion to lift a stay and a motion to dismiss based on lack of jurisdiction. Prior to removal to federal court under 28 U.S.C. § 1442(a)(1), the state court entered a judgment dismissing the case against one party. However, due to a clerical error, the case was dismissed in its entirety. The employee never challenged the error on appeal, so the employer contended that the federal court lacked jurisdiction over the case.

In denying the motion to dismiss, *the court determined that the case was subject to removal because the state court possessed jurisdiction to modify or vacate its order at the time of the removal under Va. Sup. Ct. R. 1:1.* The federal court assumed management over the case in the same posture in which it left the state court. As such, dismissal order could have been corrected to reflect the true intentions of the parties. The necessary modification was expressly permissible pursuant to both Fed. R. Civ. P. 60(a) and Va. Code Ann. § 8.01-428(B). Again, the case is inapposite.

Similarly, *Rodas v. Seidlin*, 656 F.3d 610 (7th Cir. 2011) simply held that questions of "derivative jurisdiction" may be waived or forfeited. That view is not universally accepted, see *Gillette v. Warden Golden Grove Adult Corr. Facility*, 75 F.4th 191, 195 (3d Cir. 2023), and does not apply to the federal officer removal

statute. *Ricci v. Salzman*, 976 F.3d 768, 772 (7th Cir. 2020). Again, the case is inapposite.

*Matter of Meyerland Co v. FDIC*, 960 F.2d 512, 516–17 (5th Cir. 1992), *Res. Tr. Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1211 (9th Cir. 1994), *FDIC v. Keating*, 12 F.3d 314, 316 (1st Cir. 1993), *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir. 1989), all involved a special removal statute. In addition, *Meyerland Co.*, 960 F.2d at 515 (5th Cir. 1992) (en banc) recognized that it is "not clear whether the general removal statutes permit appellate removal" as did *Keating,* 12 F.3d at 316 ("post-judgment removal may not be the statutory norm")

In *Savers Fed. Sav. & Loan*, the Court explained that 28 U.S.C. § 1446(b) provided that petitions for removal must be filed within 30 days of the date the Federal Savings and Loan Insurance Corporation (FSLIC) becomes a defendant and that the FSLIC becomes a party within the meaning of 12 U.S.C. § 1730(k)(1) on the day the conservatorship is imposed. Consequently, the then applicable provisions of the second paragraph of 28 U.S.C. § 1446(b) expressly contemplated removal after the point at which it may first be ascertained that the case is one which is or has become removable, yet does not proscribe removal after the state court action has reached any particular point. The only limit § 1446(b) provides is

7

the 30 day time period in which to file the petition for removal. The case thus has no application here.

Even if the special removal statute applied– and it does not– all the district court could do was enter the judgment of the District of Columbia Superior Court as its own, as *Resolution Trust Corp. v. BVS Dev.*, 42 F.3d at 1212, held.

Since "opinions must be read in the setting of the particular cases and as the product of preoccupation with their special facts," *Freeman v Hewit*, 329 U.S. 249, 252 (1944), it is evident that neither of the authorities cited by the Superior Court support its analysis. It must be recognized that precedents are established by what was decided, not by what was said. What was said is not evidence of what was decided, unless it relates directly to the question presented for the decision. See *Armour & Co. v. Wantock*, 323 U.S. 126, 132–33 (1944).

As the Supreme Court has taught long ago:

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

*Cohens v. Virginia*, 19 U.S. 264, 399-400 (1821).

Finally, what could removal here accomplish? The case was dismissed in the District of Columbia Superior Court. Again, under the cases cited by the Appellee, all the District Court could do would be to enter the Superior Court's judgment as a federal judgment, and presumably have the appeal heard by this Court. That, however, was not what the District Court did. It reached the merits, which, even under the view of Appellee, it could not do. Thus, even if the view of Appellee were adopted– and, again, it would appear to be supported by no authority whatsover, and against the authority on point discussed in Moore's, the judgment of the District Court cannot stand.

## Conclusion

The order should be reversed and the matter allowed to proceed in the Court of Appeals for the District of Columbia.

Dated: April 19, 2024 /s/ Abram J. Harris

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FRAP 32(a)(7)(B)(I) because, excluding the parts of the document exempted by FRAP 32(f) this document contains 1,324 words. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Dated: April 19, 2024 /s/ Abram J. Harris

*[signature] Abram J. Harris 5/6/2024*

10

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing filing on ~~April~~ MAY 6, 2024 on the below individuals at the following locations.

JEFFREY STEVEN BEELAERT, Amicus Curiae Stein
Mitchell Beato & Missner LLP
2000 K St NW #600
Washington, DC 20006 jbeelaert@steinmitchell.com

Jane M. Lyons
U.S. DEPARTMENT OF JUSTICE

601 D Street, NW

Washington, DC 20530

(202)252-2540

Jane.Lyons@usdoj.gov