ORAL ARGUMENT NOT YET SCHEDULED

No. 23-5091

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ABRAM J. HARRIS,
*Plaintiff-Appellant,*

v.

DEPARTMENT OF TRANSPORTATION, FEDERAL MOTOR
CARRIER SAFETY ADMINISTRATION, et al.,
*Defendants-Appellees.*

Appeal from the United States District Court
for the District of Columbia
No. 1:22-cv-02383-TNM (Hon. Trevor N. McFadden)

**BRIEF OF COURT-APPOINTED AMICUS CURIAE**

Jeffrey S. Beelaert
STEIN MITCHELL BEATO & MISSNER LLP
2000 K Street NW, Suite 600
Washington, D.C. 20006
(202) 661-0923
jbeelaert@steinmitchell.com

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A. Parties and amicus

Plaintiff-Appellant:  Abram J. Harris

Defendants-Appellees:  United States Department of Transportation; Federal Motor Carrier Safety Administration; United States; and Assistant United States Attorney Stephanie Johnson.

Court-Appointed Amicus Curiae:  Jeffrey S. Beelaert

## B. Rulings under review

Plaintiff-Appellant Harris appeals an order entered by the district court on March 13, 2022, dismissing two complaints.  *See* A163–A172.

## C. Related cases

This case was not on review previously before this Court or any other court.  Counsel is not aware of any other case involving the same parties.  Nor is counsel aware of any related cases as defined by Circuit Rule 28(a)(1)(C).

*/s/ Jeffrey S. Beelaert*
Court-appointed Amicus Curiae

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND
    RELATED CASES.................................................................i

TABLE OF CONTENTS ........................................................ii

TABLE OF AUTHORITIES....................................................iii

INTEREST OF AMICUS CURIAE...........................................1

INTRODUCTION ..................................................................2

STATUTORY BACKGROUND ...............................................3

    A.    The federal-officer removal statute ........................3

    B.    Procedures to "effect the removal" ........................5

    C.    A removed case can be remanded to state court....................8

PROCEDURAL BACKGROUND ..............................................8

ARGUMENT .......................................................................12

    A.    The plain language of Section 1442(a)(1) allows
          for removal in the circumstances of this case........................12

    B.    Congress may authorize the removal of cases
          on appeal.............................................................14

    C.    Harris never challenged the Department's
          removal, nor moved to remand the case. ..............................15

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anthony v. Runyon,*
76 F.3d 210 (8th Cir. 1996)................................................................. 6, 7

*Bell v. United States,*
676 A.2d 37 (D.C. 1996) ................................................................. 9

*BP P.L.C. v. Mayor & City Council of Baltimore,*
141 S. Ct. 1532 (2021) ................................................................. 6

*Brooks v. Liberty Life Assurance Co. of Boston,*
937 F.3d 1144 (8th Cir. 2019)................................................................. 7

*California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States,*
215 F.3d 1005 (9th Cir. 2000)................................................................. 8, 15

*Colorado v. Symes,*
286 U. S. 510 (1932) ................................................................. 12

*Dukes v. S.C. Ins. Co.,*
770 F.2d 545 (5th Cir. 1985)................................................................. 7, 15

*First Nat'l Bank v. Johnson & Johnson,*
455 F. Supp. 361 (E.D. Ark. 1978) ................................................................. 7

*Grubbs v. General Elec. Credit Corp.,*
405 U.S. 699 (1972)................................................................. 8

*Hadley-Memorial Hospital v. Kynard,*
981 F. Supp. 690 (D.D.C. 1997)................................................................. 11

*\*Martin v. Hunter's Lessee,*
14 U.S. 304 (1816)................................................................. 14

*Matter of Meyerland Co.*,
   960 F.2d 512 (5th Cir. 1992) ................................................................. 13

*Mesa v. California*,
   489 U.S. 121 (1989) ............................................................................. 5

*Pyramid Nat. Van Lines v. Goetze*,
   66 A.2d 693 (D.C. 1949) ....................................................................... 9

*Tennessee v. Davis*,
   100 U.S. 257 (1879) ............................................................................. 14

*United States v. Quality Stores, Inc.*,
   572 U.S. 141 (2014) ............................................................................. 12

*Verlinden B.V. v. Central Bank of Nigeria*,
   461 U.S. 480 (1983) ............................................................................. 14

*Watson v. Philip Morris Companies, Inc.*,
   551 U.S. 142 (2007) ............................................................................. 13

*\*Willingham v. Morgan*,
   395 U.S. 402 (1969) ............................................................. 3, 4, 5, 12, 13

**Statutes**

28 U.S.C. § 1442 .............................................. 2, 5, 10, 11, 12, 13, 14, 15

28 U.S.C. § 1446 ................................................................................... 6

28 U.S.C. § 1447 ........................................................................... 7, 8, 12

28 U.S.C. § 1451 ................................................................................. 13

**Other Authorities**

*Federal Practice and Procedure: Jurisdiction* 2d (1985) ............................ 7

H.R. Rep. No. 308 ............................................................................... 4

## INTEREST OF AMICUS CURIAE

On October 25, 2023, this Court entered an order denying motions for summary disposition and appointing undesigned counsel "as amicus curiae to assist the court." The Court directed the parties and amicus curiae "to address whether 28 U.S.C. § 1442 may be used to remove a civil case to federal district court after dismissal and while an appeal is pending before a state appellate court."

# INTRODUCTION

The federal-officer removal statute—28 U.S.C. § 1442—may be used to remove a civil case to federal district court after dismissal and while an appeal is pending before a state appellate court. This conclusion is supported by the plain language of Section 1442, the constitutional authority of Congress to grant removal jurisdiction, and whether there is any reason to think that Congress could not have intended this result.

By its plain terms, Section 1442 authorizes the United States, any federal agency, or any federal officer to remove a civil action commenced in a state court "to the district court of the United States for the district and division embracing the place wherein it is pending" if the underlying litigation relates to any act taken by a federal officer "under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1). Section 1442 does not require the civil action to be pending in the state trial court at the time of removal.

For more than two hundred years, the Supreme Court has recognized that Congress has the authority to provide for removal of state cases to federal court *before* or *after* judgment, including cases pending in state appellate courts. This Court should apply Section 1442 in this case consistent with well-established precedent and historical practice.

## STATUTORY BACKGROUND

The Constitution gives Congress the power to establish inferior federal courts and to assign federal jurisdiction among them. *See* U.S. Const. Art. I, § 8, Cl. 9; Art. III, § 1. Through the Judiciary Act of 1789, Congress organized the federal judiciary and provided limited jurisdiction to federal district courts and to federal circuit courts. *See* ch. 20, §§ 2–5, 1 Stat. 73, 73–75. The Judiciary Act of 1789 also allowed defendants to remove to federal court certain actions initially brought in state court. *Id.* § 12, 1 Stat. 73, 79–80. Over the years since then, Congress has enacted various removal statutes that allow for removal in a variety of circumstances. *See, e.g.*, 28 U.S.C. §§ 1441–1455.

### A.    The federal-officer removal statute

The federal-officer removal statute, now codified at 28 U.S.C. § 1442, has "a long history" that can be traced to a customs statute enacted by Congress shortly after the War of 1812. *Willingham v. Morgan*, 395 U.S. 402, 405 (1969). Congress first enacted that federal-officer removal provision as part of its "attempt to enforce an embargo on trade with England over the opposition of the New England States, where the War of 1812 was quite unpopular." *Id.* In enacting this provision, Congress essentially sought "to protect federal officers from interference by hostile state courts." *Id.* The removal provision "allowed federal officials involved in the enforcement of the customs statute to remove to the federal courts any suit or prosecution commenced" in state court

3

against the federal officials because of any act taken by them under color of the customs statute.  *Id.*

Specifically, the removal provision stated that a federal-officer defendant could appear in state court to "file a petition for the removal of the cause for trial at the next circuit court of the United States to be holden in the district where the suit is pending."  Act of Feb. 4, 1815, ch. 31, § 8, 3 Stat. 195, 198.  The removal provision further stated that "it shall be lawful in any action or prosecution which may be now pending, or hereafter commenced, before any state court whatever, for any thing done, or omitted to be done, by the defendant, as an inspector or other officer of the customs, *after final judgment*, for either party to remove and transfer, *by appeal*, such decision" from the state court "to the next circuit court of the United States, to be held in the district in which such appeal shall be taken."  *Id.* 3 Stat. at 199 (emphasis added).

Although this early removal provision eventually expired, Congress enacted a new set of removal statutes after the Civil War.  *Willingham*, 395 U.S. at 405.  Congress then extended the federal-officer removal statute "to cover all federal officers when it passed the current provision as part of the Judicial Code of 1948."  *Id.* at 406 (citing H.R. Rep. No. 308, 80th Cong., 1st Sess., A134 (1947)).

Today, the federal-officer removal statute serves the same purpose as earlier federal-officer removal provisions enacted by Congress over the last two hundred years.  The statute provides "a federal forum for cases

where federal officials must raise defenses arising from their official duties," and it protects "federal officers from interference by hostile state courts." *Mesa v. California*, 489 U.S. 121, 137 (1989) (quoting *Willingham*, 395 U.S. at 405)). By its plain terms, the federal-officer removal statute at 28 U.S.C. § 1442 "is a pure jurisdictional statute" that does "nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." *Id.* at 136.

"The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue," may remove a civil action or criminal prosecution commenced in state court "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1).

For purposes of removal to federal court under the various removal statutes, Congress has defined the term "State court" to include the D.C. Superior Court, and Congress has defined the term "State" to include the District of Columbia. *Id.* § 1451(1), (2).

## B. Procedures to "effect the removal"

To remove a case from state to federal court, whether under Section 1442 or whether under any other removal statute, the defendant

"must comply" with the procedures set forth at 28 U.S.C. § 1446. *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021). A defendant "desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The defendant must file the notice of removal "within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1) (emphasis added).

"Promptly after" filing the notice of removal in federal court, the defendant must "give written notice" to all adverse parties and must file a copy of the removal notice in the state court where the case is pending. *Id.* § 1446(d). Filing the notice of removal in state court "shall effect the removal"—i.e., "the State court shall proceed no further unless and until the case is remanded." *Id.*

"Despite the seeming clarity" of 28 U.S.C. § 1446, "courts have adopted three rules regarding when removal is effected." *Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996). The prevailing approach, adopted by most courts, is "that removal is effected by filing a copy of the

notice of removal in the state court." *Id.* (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3737, at 550 (1985)).  Other "courts, including the United States District Court for the Eastern District of Arkansas, have held that removal is effected simply by filing the notice of removal in the federal court." *Id.* at 213–14 (citing *First Nat'l Bank v. Johnson & Johnson*, 455 F. Supp. 361, 363 (E.D. Ark. 1978)).  "Finally, a few courts have held that the state and federal courts have concurrent jurisdiction until the notice of removal is filed with the state court." *Id.* at 214 (citing *Federal Practice* § 3737, at 550–51).

The Eighth Circuit has concluded, however, that "the removal statute leaves little room for creative interpretation." *Id.*  "The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time." *Id.*; *accord Brooks v. Liberty Life Assurance Co. of Boston*, 937 F.3d 1144, 1145 (8th Cir. 2019).

Even so, failure to file a copy of the removal notice in the state court where the case is pending "is a procedural defect" that "does not defeat the federal court's jurisdiction." *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985).  A party may waive its objection to such a procedural defect "by failing to make a timely objection in the federal forum." *Id.* at 548; *see also* 28 U.S.C. § 1447(c) (imposing a thirty-day time limit to file a motion to remand the case back to state court).

7

**C.    A removed case can be remanded to state court.**

After a case has been removed from state court, it generally will proceed in federal court.  If a party wants to challenge the removal, it may file a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction."  28 U.S.C. § 1447(c).  A motion to remand the case "must be made within 30 days after the filing of the notice of removal under" 28 U.S.C. § 1446(a) in federal court.  *Id.*

Failure to challenge removal may result in the waiver of any procedural defects.  "The Supreme Court has instructed that the existence of subject matter jurisdiction at the time of a final judgment cures any defect in the removal of a case from state court which was not raised before the district court."  *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citing *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)).

**PROCEDURAL BACKGROUND**

On May 3, 2022, Abram J. Harris filed a complaint as a pro se plaintiff in the D.C. Superior Court against the Department of Transportation and the Federal Motor Carrier Safety Administration.  *See* Appendix (A) 15 (Dkt. No. 18); *see also* A68–71.  A month later, on June 2, 2022, Harris filed a motion for default judgment.  A14 (Dkt. No. 16); *see also* A50–56.  In early July 2022, Harris filed a second motion, styled as a "Motion For Civil Action To Restrain Harassment Of A Victim

Or Witness," A14 (Dkt. No. 15), and he filed affidavits addressing service, *see id.* (Dkt. Nos. 13–14).

On July 22, 2022, the D.C. Superior Court entered an order denying Harris's pending motions and dismissing the case under Superior Court Civil Rule 41(b)(1) for failure to state a claim upon which relief can be granted. *See* A26–29. The D.C. Superior Court stated in its decision that the defendant, the Department of Transportation, had "not yet been served" as of July 22, 2022. A26.[1] Either way, the D.C. Superior Court closed the case. A29.

Two days later, on July 25, 2022, Harris filed a notice of appeal in state court. *See* A23–25. "As a general rule, once a notice of appeal had been filed, the trial court loses the power to take any substantive action with respect to the order or judgment on appeal." *Bell v. United States*, 676 A.2d 37, 40–41 (D.C. 1996). The D.C. Court of Appeals docketed the appeal as No. 22-CV-0547, as it had acquired appellate jurisdiction over the case. Jurisdiction generally remains with the appellate court until it issues the mandate. "When the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction which it lost by the taking of the appeal." *Pyramid Nat. Van Lines v. Goetze*, 66 A.2d 693, 694 (D.C. 1949).

---

[1] The Department points out, however, that the U.S. Attorney's Office for the District of Columbia "had received a copy of the Complaint on July 12, 2022." Gov. Br. 3 (citing A18).

On August 11, 2022, the Department of Transportation filed a notice of removal in the United States District Court for the District of Columbia. A7–A9; *see also* A2 (Dkt. No. 1). The Department relied on 28 U.S.C. § 1442(a)(1) as "either a component or agency of the United States." A7 (¶ 2). And the Department explained that it would file a copy of the notice of removal in the D.C. Superior Court. *Id.* (¶ 3); *see also* A13 (Dkt. No. 4) (showing the trial court's receipt); A16–A17 (notice of removal). The Department complied with 28 U.S.C. § 1446(b)(1) because it filed the notice of removal within thirty days after the U.S. Attorney's Office for the District of Columbia had received a copy of the complaint on July 12, 2022.

On August 16, 2022, the Department filed a consent motion in the federal district court for an extension of time to file its response to the complaint. A2 (Dkt. No. 3). In its motion, the Department recognized that the D.C. Superior Court had "dismissed Plaintiff's Complaint pursuant to Superior Court Civil Rule 41(b)(A) due to Plaintiff's failure to state a claim upon which relief can be granted." Motion at 2 (¶ 2), *Harris v. Dep't of Transp.*, No. 1:22-cv-02383-TNM (D.D.C. Aug. 16, 2022) (Dkt. No. 3) (citing the dismissal order, which the Department attached to its motion as Exhibit A). The Department also recognized that Harris had "filed an appeal in the D.C. Court of Appeals." *Id.* (citing the notice of appeal, which the Department attached to its motion as Exhibit B).

The Department requested "an extension of time, to and through September 18, 2022, to file its response to Plaintiff's Complaint." *Id.* (¶ 3). The district court granted the Department's request. *See* A2. Before the Department responded, however, Harris filed an amended complaint in the district court on August 22, 2022. *Id.* (Dkt. No. 5). The amended complaint added claims against the Assistant United States Attorney representing the Department in this litigation. A164. Again, the Department sought additional time to respond to the amended complaint. *See* A2 (Dkt. No. 8) (extension motion).

On September 15, 2022, the Department filed a notice of removal in the D.C. Court of Appeals. *See* Gov. Br. Addendum 6–8. Citing *Hadley-Memorial Hospital v. Kynard*, 981 F. Supp. 690, 692 (D.D.C. 1997), the Department argued that "post-judgment removals" are "permissible" under 28 U.S.C. § 1442. Gov. Br. Addendum 7. The Department also argued that, because it had removed the case to federal court, "the courts of the District of Columbia" no longer had jurisdiction over this matter and that "the courts of the District of Columbia 'shall proceed no further unless and until the case is remanded.'" *Id.* (quoting 28 U.S.C. § 1446(d)). The Department cited three cases from state courts in Georgia, Missouri, and Virginia that supported its argument.

Litigation then proceeded in federal district court. Harris never moved to remand the case back to the D.C. Superior Court or to the D.C. Court of Appeals, and he never raised any arguments as to any

procedural defects from the Department's removal of the case. *See* 28 U.S.C. § 1447(c). Instead, Harris filed a second, separate lawsuit in the district court against the Assistant United States Attorney representing the Department. A164. The district court eventually dismissed both lawsuits, concluding that it lacked jurisdiction and that Harris had failed to state any viable claims. *See* A163–A171. This appeal followed.

## ARGUMENT

### A. The plain language of Section 1442(a)(1) allows for removal in the circumstances of this case.

"The beginning point" for this Court's interpretation of the federal-officer removal statute is the relevant statutory text. *United States v. Quality Stores, Inc.*, 572 U.S. 141, 145 (2014). Section 1442 plainly allows the United States, any federal agency, or any federal officer to remove a civil action "that is *commenced* in a State court" to a federal district court embracing the place where the litigation is pending as long as the underlying litigation relates to any act taken by a federal officer "under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. 1442(a)(1) (emphasis added).

The plain terms of Section 1442(a)(1) are neither "narrow" nor "limited." *Willingham*, 395 U.S. at 406 (quoting *Colorado v. Symes*, 286 U. S. 510, 517 (1932)). Congress enacted statutory language that "is

broad enough" to cover removal in the circumstances of this case. *Id.* There is no dispute that Harris "commenced" a civil action against the Department of Transportation and the Federal Motor Carrier Safety Administration in the D.C. Superior Court (a state court under 28 U.S.C. § 1451). *See* A15, A68–A71. Both the Department and the Safety Administration qualify as an "agency" of the United States under Section 1442(a)(1), and Harris brought claims related to acts taken by federal officers under color of their office or on account of the authority provided by Congress to either agency.

The plain language of Section 1442, much like the plain language of other statutory removal provisions, "does not limit removable actions to those that have not yet reached a state trial court judgment, nor does it limit removable actions to those that come to the federal courts from a specific state court (i.e., from state trial, as opposed to appellate, court)." *Matter of Meyerland Co.*, 960 F.2d 512, 516 (5th Cir. 1992)

In enacting Section 1442, Congress "decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Willingham*, 395 U.S. at 407. Section 1442 protects the federal government by preventing state courts from interfering with the operations of federal agencies and by preventing state courts from deciding cases against federal officers acting within the scope of their authority. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007). This Court should not thwart those protections by adopting "a

narrow, grudging interpretation" of the removal statute in this case. *Willingham*, 395 U.S. at 407.

## B. Congress may authorize the removal of cases on appeal.

It is well settled that "Congress may not expand the jurisdiction of the federal courts beyond the bounds established by the Constitution." *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 491 (1983). Allowing removal of cases on appeal in the state courts, however, falls squarely within those well-established bounds. For more than two hundred years, the Supreme Court has recognized that the Constitution does not limit the "time, the process, [or] the manner" in which Congress may allow for removal of cases pending in state courts. *Martin v. Hunter's Lessee*, 14 U.S. 304, 349 (1816). Congress properly "may authorize a removal either *before* or *after* judgment." *Id.* (emphasis added).

The power of Congress to authorize removal before judgment in state court "must stand" together with the power to authorize removal after judgment. *Id.* at 350. Indeed, "if the right of removal from state courts exist before judgment, because it is included in the appellate power, it must, for the same reason, exist after judgment." *Id.* Congress may authorize "removals either before or after trial." *Tennessee v. Davis*, 100 U.S. 257, 270 (1879). That is exactly what Congress did when it enacted 28 U.S.C. § 1442.

**C.    Harris never challenged the Department's removal, nor moved to remand the case.**

Even if this Court were to find "a procedural defect" in this case because the Department did not immediately file notice of removal in the D.C. Court of Appeals, that procedural defect should "not defeat the federal court's jurisdiction." Dukes, 770 F.2d at 547. Harris did not file a motion to remand the case "within 30 days" after the Department filed the notice of removal under 28 U.S.C. § 1446(a) in federal court. 28 U.S.C. § 1446(b)(1). Nor did Harris ever raise any arguments regarding any defects in the removal. In any event, the district court had subject matter jurisdiction at the time that it entered final judgment and that "cures any defect in the removal of a case from state court which was not raised before the district court." *Sacramento Metro. Air Quality Mgmt.*, 215 F.3d at 1014.

* * *

This Court should hold that the Department properly removed this case under 28 U.S.C. § 1442(a)(1).

Respectfully submitted,

*/s/ Jeffrey S. Beelaert*
Jeffrey S. Beelaert
STEIN MITCHELL BEATO & MISSNER LLP
2000 K Street NW, Suite 600
Washington, D.C. 20006
(202) 661-0923
jbeelaert@steinmitchell.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) because it contains 3,543 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook, font size 14.

*/s/ Jeffrey S. Beelaert*
Jeffrey S. Beelaert
Court-appointed Amicus Curiae